THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JUSTIN BROWN,<br><br>                      Petitioner,<br><br>v.<br><br>ROBERT POWELL,<br><br>                      Respondent. | **MEMORANDUM DECISION<br>& ORDER REGARDING<br>PETITION'S DEFICIENCIES**<br><br>Case No. 2:22-CV-304-RJS<br><br>Chief District Judge Robert J. Shelby |

Having reviewed the habeas-corpus petition here, 28 U.S.C.S. § 2254 (2022), the Court concludes that it must be amended to cure this deficiency if Petitioner wishes to further pursue claims: Petition has possibly been supplemented by other potential claims in other documents filed in this case by Petitioner. (ECF Nos. 7, 9.)

**INSTRUCTIONS TO PETITIONER**

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from complying with Rule 8's minimal pleading requirements. "This is so because a pro se [litigant] requires no special legal training to recount

the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court may not "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following points before filing an amended petition. First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original). Second, Petitioner must clearly state whom Petitioner's current custodian is and name that person (a warden or ultimate supervisor of an imprisonment facility) as the respondent. *See* R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. Third, Petitioner may not bring civil-rights claims as to his conditions of confinement in a habeas-corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under § 2254; any claims about the execution of Petitioner's sentence should be brought under § 2241. 28 U.S.C.S. §§ 2254, 2241 (2022). Fifth, claims made based on state law are not proper in a federal habeas petition. *Id*. § 2241 ("The writ of habeas corpus shall not extend to a prisoner unless . . . He is in custody in violation of the Constitution or laws or treaties of the United States . . . .").

# O R D E R

**IT IS ORDERED** that:

(**1**) Petitioner shall have **thirty days** from today to cure the above deficiencies. In response to this Order, the Court will accept one document entitled, "Amended Petition." The Amended Petition shall include all issues, arguments, and citations in one document, with no references to any other document. The Amended Petition will be the only document the Court will review to determine whether to order an answer from Respondent. R. 4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. (stating court--on its own--shall examine petition for petitioner's entitlement to relief and dismiss petition or order answer as warranted).

(**2**) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition to be completed, according to the directions.

(**3**) If Petitioner fails to timely cure the above-noted deficiencies, as directed here, this action will be dismissed without further notice.

(**4**) Petitioner's motion for evidentiary hearing **DENIED**. (ECF No. 11.) There is no valid petition on file, and, in any event, it is the Court's prerogative--without prompting by Petitioner--to determine whether an evidentiary hearing is needed in a habeas case. *See* R. 8, Rs. Governing § 2254 Cases in the U.S. Dist. Cts ("[T]he judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.").

**(5)** Petitioner's motion to compel the Utah Department of Corrections to give him a certified inmate account statement is **DENIED** as moot, (ECF No. 13). Petitioner has paid the filing fee in full.

DATED this 15th day of November, 2022.

BY THE COURT:

_____
CHIEF DISTRICT JUDGE ROBERT J. SHELBY
United States District Court