THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JUSTIN BROWN,<br><br>        Petitioner,<br><br>  v.<br><br>ROBERT POWELL,<br><br>        Respondent. | **MEMORANDUM DECISION & ORDER DISMISSING HABEAS PETITION**<br><br>Case No. 2:22-CV-304-RJS<br><br>Chief Judge Robert J. Shelby |

Petitioner, Justin Brown, requests federal habeas relief regarding his Utah state convictions. Amended Petition, (ECF. No. 23); *see also* 28 U.S.C.S. § 2254(a) (2023). Under the Antiterrorism and Effective Death Penalty Act of 1996, (AEDPA) federal district courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id*. Respondent moves to dismiss the Amended Petition because the case was initiated after the period of limitations had expired. Motion to Dismiss, (ECF No. 32, at 3.) Petitioner also moves the court to expand the record, asking the court to obtain records intended to prove factual allegations in the Amended Petition. *See* Motion for Expansion of Court Record (ECF No. 35-1.) Respondent moves the court for an extension of time to file a response to Petitioner's Motion to Expand pending the court's determination of Respondent's Motion to Dismiss. (ECF No. 36.) Finally, Petitioner moves the court to stay consideration of the Motion to Dismiss pending the additional documents subject to the Motion to Expand, which Petitioner argues will obviate analysis of the timeliness of Petitioner's case. Motion to Stay (ECF No. 42.)

1

Having carefully considered germane documents and law, the Court agrees with Respondent that this petition is inexcusably untimely. *See* 28 U.S.C.S. § 2244(d)(1)(2023). Petitioner's argument that convicting court's lack of jurisdiction renders the issue of timeliness irrelevant fails. The Amended Petition is therefore dismissed with prejudice. The remaining motions are denied as moot.

## I. RELEVANT TIMELINE

- 10/7/14    Petitioner plead guilty to two felony counts of lewdness in the third degree (ECF No. 32-1 (Utah Dist. Ct. case no. 141909466).); 32-2 (Utah Dist. Ct. case no. 141909536).)

- 12/8/14    Petitioner was sentenced to two terms of zero-to-five years, to be served consecutively. (ECF No. 32-3 (Utah Dist. Ct. case no. 141909466).); 32-4 (Utah Dist. Ct. case no. 141909536).)

- 1/7/15     Petitioner's last day to file a notice of appeal under Utah Rules of Appellate Procedure. Utah R.App.P 4(a)(1).

- 1/8/15     One-year period of limitations to file a timely AEDPA petition began to run. *See* 28 U.S.C.S. § 2244(d)(1).

- 11/2/15    Petitioner's AEDPA period of limitations was tolled after 298 days by Petitioner's filing of a state petition for post-conviction relief. *See* Docket, Utah Dist. Ct. case no. 150907874 (ECF No. 32-4, at 1); 28 U.S.C. §2244(d)(2).

- 9/10/18    Utah District Court granted summary judgment against Petitioner's state petition for post-conviction relief. (ECF No. 32-6, at 2.)

- 12/3/18    Utah Court of Appeals granted Petitioner's motion for voluntary dismissal of his appeal of the summary judgment against state petition for post-conviction relief, 20180687-CA. (ECF No. 32-8.)

- 12/28/18   Utah Court of Appeals entered remittitur of Petitioner's appeal. (ECF No. 32-9, at 1.)

- 12/29/18   Last possible date Petitioner's one-year period of limitations to file a timely AEDPA petition could have resumed (with 67 days remaining).

- 3/5/19     Last possible date Petitioner's one-year period of limitations to file a timely AEDPA petition could have expired.

- 4/28/22    Petitioner places his AEDPA petition in the prison mail system. (ECF No. 2-1, at 2.)

## II. ANALYSIS

The AEDPA sets a one-year period of limitation to file a habeas-corpus petition. 28 U.S.C.S. § 2244(d)(1) (2023). The period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. Petitioner was sentenced on December 8, 2014. (ECF Nos. 32-3 (Utah Dist. Ct. case no. 141909466).); 32-4 (Utah Dist. Dt. case no. 141909536).) Petitioner declined to file a notice of appeal within thirty days after sentencing. So, Petitioner's one-year AEDPA filing period began to run on January 8, 2015.

## A. STATUTORY TOLLING

The filing period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period." *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C.S. § 2244(d)(2) (2023)). A "state postconviction application 'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures.'" *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (quoting *Carey v. Saffold,* 536 U.S. 214, 220 (2002)); *see Fisher v. Raemisch*, 762 F.3d 1030, 1032 (10th Cir. 2014). Once the post-conviction case ends in state court, the one-year limitation period resumes.[1]

Tolling, however, does not revive the limitations period--*i.e.*, restart the clock at zero. It serves only to suspend a clock that has not already run. *See Fisher v. Gibson*, 262 F.3d 1135,

---

[1] Respondent alerts the court to a split of authority between cases applying the date of dismissal to resume the tolling period (*e.g., Lewis v Ramirez*, 2018 WL 4335611, *3 (D. Idaho 2018)) and cases applying the date of remittitur (*e.g. Jumper v. Warden of Broad River Corr. Inst.*, 2016 U.S. Dist. LEXIS 65423, *16, n.4 (D.S.C. 2016)). Respondent argues even applying the later date of remittitur, the Petition is untimely. (ECF No. 32 at 9.)

1142-43 (10th Cir. 2001); *see also Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003). Thus, any time between when a petitioner's direct appeal becomes final and when he files his petition for state post-conviction relief is counted in the limitations period. And, any time between when the state post-conviction action concludes and before a petitioner's habeas petition is filed also counts toward the limitations period because state-collateral review only pauses the one-year period; it does not delay its start. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000), ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.").

In other words, time elapsing after a petitioner's conviction becomes final on direct review, but before a state post-conviction petition is filed, and time after final disposition of the petitioner's post-conviction proceedings, but before the filing of the federal habeas petition, *aggregate* to count against the one-year-limitation period. *See Sutton v. Cain*, 722 F.3d 312, 316 n.6 (5th Cir. 2013) ("To calculate when the limitations period has run, we aggregate the time between (i) the date the petitioner's conviction became 'final' and the date the petitioner filed his state [post-conviction] application; and (ii) the date the state [post-conviction] process concluded and the date the petitioner filed his federal habeas petition.").

From January 7, 2015 (Petitioner's last day to file a notice of appeal), the AEDPA limitation period ran 298 days, until November 2, 2015, when Petitioner filed his state post-conviction application and tolled the period. At that point, Petitioner had 67 days remaining in his period of limitations. The Utah district court dismissed the state petition on September 10, 2018. Petitioner appealed. Petitioner's motion for voluntary dismissal of his appeal was granted

on December 3, 2018. Remittitur was entered on December 28, 2018. The AEDPA period of limitations resumed and expired no later than March 5, 2019.

Petitioner initiated this case by placing the Petition in the prison mailing system on April 28, 2022, more than three years too late. As a result, Petitioner cannot avail himself of statutory tolling.

### B. EQUITABLE EXCEPTION TO THE PERIOD OF LIMITATIONS

Petitioner's argument that the untimeliness of his Petition should be excused because his conviction in case number 141909536 is void *ab initio*, could be construed as an argument for an equitable exception to the period of limitation.[2] He argues that his incarceration is unjust because the state of Utah lacked jurisdiction to prosecute him for a crime committed on federal property. (ECF No. 41, at 1.) He reasons that "[t]he timeliness of the petition will cease to be a factor when the prosecutor's jurisdictional reach is proven by way of an expansion of court record, as the Court should not lend its aid to an illegal process." *Id*. However, Petitioner fails to offer authority for the proposition that a petition alleging that the convicting court lacked jurisdiction is exempt from AEDPA period of limitations.

The Tenth Circuit has expressly rejected this proposition. In *Morales v. Jones*, 417 Fed. Appx. 746 (10th Cir. 2011) the petitioner argued that the AEDPA period of limitations did not apply because a lack of subject matter jurisdiction can never be waived. *Id*. at 749. The Tenth Circuit acknowledged that lack of jurisdiction is a basis for relief under the AEDPA but held that that "[a]s with any other habeas claim, [a claim that the convicting court lacked jurisdiction] is subject to dismissal for untimeliness." *Id*. (citations omitted). Petitioner's argument that the

---

[2] Because Petitioner is *pro se*, his pleadings must be construed liberally. *Garrett v. Selby, Connor, Maddux, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). However, this requirement does not obligate the Court to form arguments for him or excuse compliance with procedural rules. *Id*.

timeliness of his Petition will cease to be a factor if he can establish that Utah lacked jurisdiction to prosecute him for the lewd act he performed at Department of Veterans Affairs is inconsistent with Tenth Circuit precedent as a matter of law.

Petitioner declines to advance any other arguments which might qualify him for equitable tolling. Nor has he shown actual innocence. Petitioner cannot avail himself of equitable tolling.

### III. PETITONER'S MOTION TO EXPAND THE COURT RECORD

Petitioner asks the court to expand the record by obtaining, on his behalf, documents which he alleges will establish that the state of Utah lacked jurisdiction to prosecute a crime which occurred on federal property. Petitioner's Motion to Expand is dismissed as moot because Petitioner's claim is time barred under the AEDPA period of limitations.

### IV. CERTIFICATE OF APPEALABILITY

The Court next considers whether to issue a certificate of appealability (COA). *See* R.11, Rs. Governing § 2254 Cases in the United States District Courts ("The district court must issue or deny a [COA] when it enters a final order adverse to the applicant.").

When a habeas petition is denied on procedural grounds, as this one is, a petitioner is entitled to a COA only if he shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C.S. § 2253 (2023)). Petitioner has not made this showing.

### V. CONCLUSION

Petitioner unjustifiably delayed filing his AEDPA petition until April 28, 2022, more than three years after the limitation period's expiration. Petitioner has failed to establish that either statutory or equitable tolling applies.

**IT IS THEREFORE ORDERED** that:

(1) Respondent's Motion to Dismiss is **GRANTED**. (ECF No. 32.)

(2) Petitioner's Motion for Expansion of Court Record is **DENIED** as moot. (ECF No. 35.)

(3) Respondent's Motion for Extension of time to File a Response is **DENIED** as moot. (ECF No. 36.)

(4) Petitioner's Motion to Stay is **DENIED** as moot. (ECF No. 42.)

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 22nd day of January, 2024.

BY THE COURT:

_____
CHIEF JUDGE ROBERT J. SHELBY
United States District Court